## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TAMIKA J. PLEDGER,

      **Plaintiff,**

      **v.**

JEROME A. GORMAN, CASEY L. MEYER-
NICHOLS, AND KRISTINE N. GRAY-
BRYANT,

      **Defendants.**

                                  **Case No. 16-CV-2517-CM-GLR**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff commenced this *pro se* action on July 22, 2016.  Plaintiff's complaint states that the case arises under 42 U.S.C. § 1983, the Fourth and Fifth Amendments to the United States Constitution, and various state laws.  She claims that Defendants violated her civil rights by holding her in jail for longer than 48 hours before charging her with a crime, among other actions.  She seeks money damages of $20,000,000.

Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis (ECF 3) with an attached affidavit of financial status.  The Court finds, based on the submitted financial information, that the request for leave to file action without prepayment of fees, costs, or security should be granted.  However, service of process shall be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[1]

Because the Court grants Plaintiff's motion to proceed in forma pauperis, Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That statute requires the Court to dismiss a case at any time if it determines that the case is frivolous, or malicious, fails to state

---

[1] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district counts may dismiss an action without service of process through the screening process of § 1915(e)).

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[2]  The Court may dismiss a case that falls into these categories *sua suponte*.[3]  For the reasons explained below, the Court orders Plaintiff to show cause as to why this case should not be dismissed.

The Court first struggles to find anything of consequence in Plaintiff's complaint to support any claim upon which it can proceed against the named defendants.  It is unclear what exactly Plaintiff contends that occurred to support a compensable claim or on what basis she seeks to hold Defendants liable.  From the description of her claims and the documents attached to her complaint, it appears that the three named defendants in this case are prosecutors in Wyandotte County, Kansas. The case appears to arise from Plaintiff's having been prosecuted in Wyandotte County by these defendants.  But prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."[4]  This includes actions related to investigation, collection of evidence, and prosecution.  It would thus appear that Plaintiff's suit is barred by Defendants' immunity.

It also appears from the documents included with the complaint that Plaintiff is attempting to re-litigate a lawsuit she filed in state court.  This could also subject Plaintiff's lawsuit to dismissal.[5]

---

[2]28 U.S.C. § 1915(e)(2)(B).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

[4]*Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)).

[5]*See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) ("*Rooker-Feldman* [doctrine] precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined with a prior state-court judgment.'").

For the foregoing reasons the Court orders Plaintiff to show cause why this case should not be dismissed.

**IT IS THEREFORE ORDERED** that the Motion to Proceed Without Prepayment of Fees (ECF 3) is granted.

**IT IS FURTHER ORDERED** that on or before September 16, 2016, Plaintiff shall file a Response to this Order, pursuant to 28 U.S.C. Sec. 1915 (e)(2), to show cause why this action should not be dismissed for failure of the complaint to state a claim upon which Plaintiff may proceed.  The clerk's office shall mail a copy of this Order to Plaintiff.

Dated: August 16, 2016

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
